AJ credited testimony from the NCUA about the actual course of events that occurred during the examinations, and therefore concluded that Ms. Considine could not have reasonably believed that Ms. Black engaged in wrongdoing. Finally, the AJ determined that Ms. Considine could not have reasonably believed that the Lowell meeting evidenced a "specific danger to public health or safety" because, among other reasons, Ms. Black authorized Ms. Considine to stay overnight at a hotel in Lowell to ensure her well-being. The AJ's determinations as to Ms. Considine's whistleblower claims are based on ample record evidence and permissible credibility determinations and, therefore, are supported by substantial evidence.

For the foregoing reasons, we affirm the final decision of the Board.

### COSTS

No costs.

Paul S. Dannenberg, Law Offices of Paul S. Dannenberg, of Huntington, VT, argued for petitioner-appellant.

Michael P. Milmoe, Senior Trial Attorney, Torts Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Timothy P. Garren, Director, Mark W. Rogers, Deputy Director, and Catharine E. Reeves, Assistant Director.

Before LOURIE, RADER, and SCHALL, Circuit Judges.

### Judgment

PER CURIAM.

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

AFFIRMED. See Fed. Cir. R. 36.

Casey **HOCRAFFER** (also known as Casey Howell), Petitioner–Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES**, Respondent–Appellee.

No. 2009–5115.

United States Court of Appeals, Federal Circuit.

Feb. 16, 2010.

Todd **FOX** and Janet Fox, Appellants,

v.

John E. **POTTER**, Postmaster General, Appellee.

No. 2009–1376.

United States Court of Appeals, Federal Circuit.

Feb. 17, 2010.